UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
AMERICAN GENIUS & CO., INC.,                          :
:
                                    Plaintiff,        :          Civil Action No. 1:07-cv-6980-SAS
                                                      :          ECF CASE
:
                v.                                    :
:
WORLDWIDE DREAMS LLC and                              :          **JURY DEMANDED**
NORMAN ABRAMSON                                       :
:
                                    Defendants.       :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## FIRST AMENDED COMPLAINT

Plaintiff, by its attorneys, for its First Amended Complaint against the defendants, alleges:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, and under the statutory and common laws of the State of New York relating to unfair competition, misappropriation, unjust enrichment and palming off.

2.    Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. §§1338 and 1367 and under the Trademark Laws of the United States by 15 U.S.C. Section 1121.

3.    Venue is proper in this judicial district pursuant to Sections 1391(b) and (c) and 1400(a).

## THE PARTIES

4.      Plaintiff, American Genius & Co., Inc. (hereinafter "Plaintiff" or "American Genius"), is a corporation organized and existing under the laws of the State of New York, with an office and principal, regular and established place of business at 35 W. 35th Street, New York, New York 10001.

5.      Plaintiff has been, and continues to be, a well-known and well-regarded designer and innovator of print designs for the clothing field, designing and creating innumerable textile and print designs and placing them on various types and styles of clothing items for sale under its famous NICK & NORA trademark.

6.      Over the years, Plaintiff has actively sought out and entering into licensing agreements for use of the famous NICK & NORA trademark and to further expand and promote its famous NICK & NORA trademark, along with its copyrighted print designs, in various and other areas outside of the clothing field, including but not limited to, the bag field, including but not limited to, cosmetic bags and tote bags.

7.      Plaintiff has continuously used the famous NICK & NORA name in commerce since at least 1988, and has federally registered the mark in the U.S. Patent and Trademark under at least U.S. Trademark Registration Nos. 2,185,841, for loungewear and sleepwear, and 2,553,898, for, amongst other items, various types and styles of bags, including but not limited to, cosmetic and travel bags.

8.      Over the years, Plaintiff has also regularly filed for and obtained federal Copyright protection for its various print designs.

9.      Upon information and belief, defendant Worldwide Dreams LLC (hereinafter "WWD") is a Delaware limited liability company having a principal, regular and established place of

2

business at 350 Fifth Avenue, New York, New York 10118.

10.    Upon information and belief, defendant Norman Abramson (hereinafter "Abramson") is an individual and citizen of the United States having a principal, regular and established place of business at 350 Fifth Avenue, New York, New York 10118.

11.    WWD and Abramson, when referred to collectively hereinafter, will be referred to as "Defendants."

12.    Upon information and belief, Defendants transact business within this district, derive substantial revenue from intra-state and inter-state commerce and have committed tortuous acts within this district and also without this district having injurious consequences within this district, and Defendants are otherwise within the jurisdiction of this Court.

13.    WWD was Plaintiff's licensee for Plaintiff's famous NICK & NORA trademark and various of Plaintiff's copyrighted fabric designs, pursuant to a License Agreement dated January 1, 2000 (hereinafter the "License").

14.    Upon information and belief, Abramson was, during all relevant time periods herein, and currently still is, the Chief Operating Officer of WWD and was the knowing, moving, active conscious force at WWD responsible for WWD's acts of infringement, and he thereby personally participated in such acts of infringement, as hereinafter alleged.

15.    The License had a Term, through and including December 31, 2001, and a single Extension Term, through and including December 31, 2003.  By its express provisions, no other extension terms existed in the License.

16.    The License further provided, at paragraph 26 thereof, that:

> This License Agreement sets forth the entire agreement and understanding between the parties as to the subject matter hereof and merges all prior discussions between them, and neither of the parties shall be bound by any

3

conditions, definitions, warranties, understandings or representations with respect to such subject matter other than as expressly provided herein or as duly set forth on or subsequent to the date hereof in writing and signed by a proper and duly authorized officer or representative of the party to be bound thereby.

17.    The License also provided for a one hundred eighty (180) day sell-off period of WWD's (licensee's) inventory of Licensed Product after termination of the License; except for terminations under paragraph 8K. Accordingly, as the License expired and was not terminated, Defendants had no sell-off period after December 31, 2003.

18.    Despite the lack of a sell-off period, and in order to assist Defendants with their mismanagement of the expiration of the License and their mismanagement of inventory of product under the License, Plaintiff allowed Defendants to sell-off the NICK & NORA inventory through March 31, 2005 based upon oral agreement(s) under paragraph 22 of the License, which reads:

The waiver of any provision of this License Agreement shall be valid only for a given instance and shall not be deemed continuing, nor shall it be deemed a waiver of any other provision of this License Agreement. Failure in any instance to insist upon strict performance of the terms of this License Agreement shall not be construed as a waiver or relinquishment of such provisions for the future, and the License Agreement shall remain in full force and effect.

19.    After Defendants' final sell-off period of March 31, 2005 had expired, Defendants continued to sell goods, and upon information and belief, produce goods bearing the NICK & NORA mark and the copyrighted designs of Plaintiff in violation of Plaintiff's federal copyright and trademark rights.

## FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
### BED OF ROSES

20.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

21.    Plaintiff is the owner of a certain original work of art identified as "#3873 Bed Of

Roses," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Bed of Roses design").

22.     The Bed of Roses design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States. 17 U.S.C. Sec. 101, et. seq.

23.     Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-078-134, having an effective date of February 2, 2001.

24.     All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Bed of Roses design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

25.     Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Bed of Roses design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Bed of Roses design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 et. seq., but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

26.     Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Bed of Roses design prior to their continued manufacture,

promotion and sale of the infringing items beyond the allowed sell-off period.

27.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

28.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Bed of Roses design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

29.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Bed of Roses design, such damages to be awarded jointly and severally against Defendants.

## SECOND CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## PORTS OF CALL

30.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

31.    Plaintiff is the owner of a certain original work of art identified as "Ports Of Call," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Ports of Call design").

32.    The Ports of Call design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

33.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested

and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-188-853, having an effective date of November 29, 2002.

34.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Ports of Call design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

35.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Ports of Call design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Ports of Call design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

36.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Ports of Call design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

37.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

38.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in

the Ports of Call design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

39.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Ports of Call design, such damages to be awarded jointly and severally against Defendants.

## THIRD CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## PINK FLAMINGOS

40.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

41.    Plaintiff is the owner of a certain original work of art identified as "Pink Flamingos," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Pink Flamingos design").

42.    The Pink Flamingos design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

43.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-030-895, having an effective date of August 23, 2000.

44.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Pink Flamingos design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

45.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Pink Flamingos design by manufacturing or having

manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Pink Flamingos design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

46.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Pink Flamingos design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

47.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

48.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Pink Flamingos design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

49.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Pink Flamingos design, such damages to be awarded jointly and severally against Defendants.

9

## FOURTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
### KIMONO

50.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

51.    Plaintiff is the owner of a certain original work of art identified as "Kimono," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Kimono design").

52.    The Kimono design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

53.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-113-581, having an effective date of October 5, 2001.

54.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Kimono design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

55.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Kimono design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Kimono design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 et. seq., but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

56.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Kimono design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

57.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

58.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Kimono design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

59.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Kimono design, such damages to be awarded jointly and severally against Defendants.

## FIFTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## COZY CUPS

60.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

61.    Plaintiff is the owner of a certain original work of art identified as "Cozy Cups #3893," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Cozy Cups design").

62.    The Cozy Cups design consists of material which is wholly original and is copyright-able subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

63.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-188-856, having an effective date of November 29, 2002.

64.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Cozy Cups design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

65.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Cozy Cups design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Cozy Cups design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

66.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Cozy Cups design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

67.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

68.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages

12

and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Cozy Cups design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

69.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Cozy Cups design, such damages to be awarded jointly and severally against Defendants.

## SIXTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## SPA TREATMENT

70.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

71.    Plaintiff is the owner of a certain original work of art identified as "Spa Treatment #4104," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Spa Treatment design").

72.    The Spa Treatment design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

73.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-253-111, having an effective date of February 23, 2004.

74.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Spa Treatment design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

75.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Spa Treatment design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Spa Treatment design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

76.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Spa Treatment design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

77.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

78.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Spa Treatment design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

79.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Spa Treatment design, such damages to be awarded jointly and severally against Defendants.

## SEVENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## MOROCCAN SLIPPERS

80.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

81.    Plaintiff is the owner of a certain original work of art identified as "Moroccan Slippers #4301," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Moroccan Slippers design").

82.    The Moroccan Slippers design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

83.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-271-671, having an effective date of August 24, 2004.

84.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Moroccan Slippers design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

85.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Moroccan Slippers design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Moroccan Slippers design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the

United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

86.     Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Moroccan Slippers design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

87.     All of the Defendants acts of were without the permission, license or consent of Plaintiff.

88.     Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Moroccan Slippers design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

89.     Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Moroccan Slippers design, such damages to be awarded jointly and severally against Defendants.

## EIGHTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## SCARLET LETTER

90.     Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

91.     Plaintiff is the owner of a certain original work of art identified as "Scarlet Letter #5001," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Scarlet Letter design").

92.     The Scarlet Letter design consists of material which is wholly original and is

copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

93.     Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-188-864, having an effective date of November 29, 2002.

94.     All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Scarlet Letter design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

95.     Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Scarlet Letter design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Scarlet Letter design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

96.     Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Scarlet Letter design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

97.     All of the Defendants acts of were without the permission, license or consent of Plaintiff.

98.     Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Scarlet Letter design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

99.     Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Kimono design, such damages to be awarded jointly and severally against Defendants.


## NINTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## PUCKER UP

100.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

101.    Plaintiff is the owner of a certain original work of art identified as "Pucker Up," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Pucker Up design").

102.    The Pucker Up design consists of material which is wholly original and is copyright-able subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

103.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-030-889, having an effective date of August 23, 2000.

104.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed

products bearing the Pucker Up design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

105.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Pucker Up design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Pucker Up design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

106.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Pucker Up design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

107.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

108.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Pucker Up design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

109.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright

Infringement of the Pucker Up design, such damages to be awarded jointly and severally against Defendants.

## TENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
### MAD MONEY

110. Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

111. Plaintiff is the owner of a certain original work of art identified as "Mad Money #195," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Mad Money design").

112. The Mad Money design consists of material which is wholly original and is copyright-able subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

113. Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-302-513, having an effective date of February 25, 2005.

114. All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Mad Money design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

115. Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Mad Money design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Mad Money design

after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

116.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Mad Money design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

117.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

118.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Mad Money design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

119.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Mad Money design, such damages to be awarded jointly and severally against Defendants.

## ELEVENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## PEACE, LOVE AND HAPPINESS

120.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

121.    Plaintiff is the owner of a certain original work of art identified as "Peace, Love &

Happiness," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Peace, Love & Happiness design").

122.    The Peace, Love & Happiness design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

123.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-188-865, having an effective date of November 29, 2002.

124.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Peace, Love & Happiness design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

125.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Peace, Love & Happiness design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Peace, Love & Happiness design after expiration of the License and any applicable sell-off period.  All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

126.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Peace, Love & Happiness design prior to their continued

manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

127.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

128.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Peace, Love & Happiness design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

129.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Peace, Love & Happiness design, such damages to be awarded jointly and severally against Defendants.


## TWELFTH  CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## FUR BALLS

130.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

131.    Plaintiff is the owner of a certain original work of art identified as "Fur Balls #4203," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Fur Balls design").

132.    The Fur Balls design consists of material which is wholly original and is copyright-able subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

133.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested

and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-253-112, having an effective date of February 23, 2004.

134.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Fur Balls design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

135.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Fur Balls design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Fur Balls design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

136.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Fur Balls design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

137.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

138.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in

the Fur Balls design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

139.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Fur Balls design, such damages to be awarded jointly and severally against Defendants.

## THIRTEENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## MOSAIC

140.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

141.    Plaintiff is the owner of a certain original work of art identified as "Mosaic #4102," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Mosaic design").

142.    The Mosaic design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

143.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-253-110, having an effective date of February 23, 2004.

144.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Mosaic design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

145.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Mosaic design by manufacturing or having manufactured

for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Mosaic design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

146. Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Mosaic design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

147. All of the Defendants acts of were without the permission, license or consent of Plaintiff.

148. Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Mosaic design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

149. Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Mosaic design, such damages to be awarded jointly and severally against Defendants.

## FOURTEENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
### SNAP SHOT

150.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

151.    Plaintiff is the owner of a certain original work of art identified as "Snap Shot #4211," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Snap Shot design").

152.    The Snap Shot design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

153.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-253-118, having an effective date of February 23, 2004.

154.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Snap Shot design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

155.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Snap Shot design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Snap Shot design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful

and in violation of Plaintiff's valuable rights.

156.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Snap Shot design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

157.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

158.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Snap Shot design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

159.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Snap Shot design, such damages to be awarded jointly and severally against Defendants.

## FIFTEENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT LOBSTER CLAWS #4308 (ALTERNATIVE NAME – SANTA CLAWS)

160.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

161.    Plaintiff is the owner of a certain original work of art identified as "Lobster Claws #4308, alternatively named, Santa Claws," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Santa Claws design").

162.    The Santa Claws design consists of material which is wholly original and is

28

copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

163.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-290-478, having an effective date of August 24, 2004.

164.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Santa Claws design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

165.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Santa Claws design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Santa Claws design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 et. seq., but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

166.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Santa Claws design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

167.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

168.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Santa Claws design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

169.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Santa Claws design, such damages to be awarded jointly and severally against Defendants.

## SIXTEENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
### JUNGLE ROSE

170.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

171.    Plaintiff is the owner of a certain original work of art identified as "Jungle Rose #4311," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Jungle Rose design").

172.    The Jungle Rose design consists of material which is wholly original and is copyright-able subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

173.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 1-271-679, having an effective date of August 24, 2004.

174.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed

products bearing the Jungle Rose design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

175.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Jungle Rose design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Jungle Rose design after expiration of the License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

176.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Jungle Rose design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

177.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

178.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Jungle Rose design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

179.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright

Infringement of the Jungle Rose design, such damages to be awarded jointly and severally against Defendants.

## SEVENTEENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## ZEBRA

180.    Plaintiff repeats and re-alleges paragraphs 1-19 hereof, as if fully set forth herein.

181.    Plaintiff is the owner of a certain original work of art identified as "#703 Zebra," and has used said artwork for a design for fabric and other licensed goods (hereinafter the "Zebra design").

182.    The Zebra design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

183.    Plaintiff has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said design, and Plaintiff has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to said design, identified as VA 785-470, having an effective date of April 3, 1996.

184.    All copies of said artwork, including all clothing sold by Plaintiff, and all licensed products bearing the Zebra design, have been sold in conformity with the provisions of the Copyright Laws of the United States.

185.    Defendants have willfully infringed and/or contributorily infringed and/or induced infringement of Plaintiff's copyright in the Zebra design by manufacturing or having manufactured for WWD, printing or having printed for WWD, reprinting or having reprinted for WWD, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, bearing the Zebra design after expiration of the

License and any applicable sell-off period. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Copyright Laws of the United States, 17 U.S.C. Sec. 101 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

186.    Based at least upon the existence of the License, Defendants had full knowledge of the copyright rights of Plaintiff in the Zebra design prior to their continued manufacture, promotion and sale of the infringing items beyond the allowed sell-off period.

187.    All of the Defendants acts of were without the permission, license or consent of Plaintiff.

188.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for Defendants' knowingly willful and purposeful violation of Plaintiff's rights in the Zebra design, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

189.    Accordingly, Plaintiff seeks $150,000 under this Cause of Action for Copyright Infringement of the Zebra design, such damages to be awarded jointly and severally against Defendants.

## EIGHTEENTH CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

190.    Plaintiff repeats and re-alleges paragraphs 1-189 hereof, as if fully set forth herein.

191.    Plaintiff's U.S. Trademark Registration Nos. 2,185,841 and 2,553,898 are both for the

mark NICK & NORA and are both in full force and effect.

192.    U.S. Trademark Registration No. 2,185,841 was registered on September 1, 1998 for, amongst other things, loungewear and sleepwear, while U.S Trademark Registration No. 2,553,898 was registered on March 26, 2002 for various types of bags, including but not limited to, cosmetic and travel bags, as well as for other items. The NICK & NORA marks of these registrations have been in continuous use in interstate commerce on the stated loungewear, sleepwear and cosmetic and travel bags at least since their dates of registration.

193.    The NICK & NORA mark of the registrations is an extremely valuable asset of Plaintiff.

194.    Defendants' continued uses of the NICK & NORA mark after expiration of the License and any applicable sell-off period, were activities which were likely to cause consumers to be confused, mistaken or deceived into believing that WWD's goods sold under the NICK & NORA mark emanated from Plaintiff, or were authorized, sponsored or approved by Plaintiff; especially as, upon information and belief, all such infringing sales by Defendants were labeled indicating that such mark is the property of Plaintiff (or, possibly Plaintiff's predecessor, sister company, Shady Character Unlimited Ltd.) and were labeled as "Produced under license." Such use constitutes willful and exceptional infringement and/or contributory infringement and/or inducement of infringement of Plaintiff's rights in the NICK & NORA mark, including infringement of the federal registrations for the NICK & NORA mark owned by Plaintiff. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

195.    Based at least upon the existence of the License, Defendants most certainly had full

knowledge of the trademark rights of Plaintiff in the NICK & NORA mark prior to their continued offering for sale and selling of the infringing items beyond the sell-off period of the License.

196.    All of the acts of Defendants were without the permission, license or consent of Plaintiff.

197.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and as such infringing activities of Defendants were knowingly willful, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and its costs in bringing the Action.

198.    In addition, these infringements should be designated "exceptional" by the Court, and Plaintiff should be awarded its attorneys' fees in bringing and prosecuting the Action.  Any damages awarded should be trebled under 15 U.S.C. §1117.

199.    Accordingly, Plaintiff believes its damages will easily exceed the sum of $250,000.

## NINETEENTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(A)

200.    Plaintiff repeats and re-alleges paragraphs 1-199 hereof, as if fully set forth herein.

201.    Plaintiff has used the NICK & NORA trademark continuously throughout the United States since 1988 and as such the NICK & NORA mark is an extremely valuable asset of Plaintiff.

202.    Defendants' continued uses of the NICK & NORA mark after expiration of the License and any applicable sell-off period, were activities which were likely to cause consumers to be confused, mistaken or deceived into believing that WWD's goods sold under the NICK & NORA mark emanated from Plaintiff, or were authorized, sponsored or approved by Plaintiff; especially as, upon information and belief, all such infringing sales by Defendants were labeled indicating that such mark is the property of Plaintiff (or, possibly Plaintiff's predecessor, sister company, Shady Character Unlimited Ltd.) and were labeled with "Produced under license."  Such use constitutes

willful and exceptional infringement and/or contributory infringement and/or inducement of infringement of Plaintiff's rights in the NICK & NORA mark. All of the activities of Defendants were not only in violation of the rights of Plaintiff under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, but were expressly undertaken by Defendants knowing them to be wrongful and in violation of Plaintiff's valuable rights.

203.    Based at least upon the existence of the License, Defendants most certainly had full knowledge of the trademark rights of Plaintiff in the NICK & NORA mark prior to their continued offering for sale and selling of the infringing items beyond the terms of the License.

204.    All of the acts of Defendants were without the permission, license or consent of Plaintiff.

205.    Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and as such infringing activities of Defendants were knowingly willful, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and its costs in bringing the Action.

206.    In addition, these infringements should be designated "exceptional" by the Court, and Plaintiff should be awarded its attorneys' fees in bringing and prosecuting the Action. Any damages awarded should be trebled under 15 U.S.C. §1117.

207.    Accordingly, Plaintiff believes its damages will easily exceed the sum of $250,000.


## TWENTYTH CAUSE OF ACTION
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C)

208.    Plaintiff repeats and re-alleges paragraphs 1-207 hereof, as if fully set forth herein.

209.    The NICK & NORA mark is recognized by the consuming public to be a famous mark.

210.     The NICK & NORA mark became famous before Defendants violated Plaintiff's rights in the name, and such use of the NICK & NORA name by Defendants caused dilution of the distinctive quality of Plaintiff's famous NICK & NORA mark.

211.     The NICK & NORA mark has come to identify Plaintiff, and Plaintiff's high quality goods, so as to distinguish those goods from the goods of others.

212.     The NICK & NORA mark is highly fanciful, arbitrary and inherently distinctive.

213.     Upon information and belief, Defendants willfully intended to trade on the reputation Plaintiff had developed in the NICK & NORA mark and/or to cause dilution of the famous NICK & NORA mark.

214.     Such conduct by Defendants was without the permission, license or consent of Plaintiff.

215.     Defendants were unjustly enriched by their actions and Plaintiff was damaged thereby and as such infringing activities of Defendants were knowingly willful, Plaintiff is entitled to an accounting of Defendants' profits and/or Plaintiff's damages and its costs in bringing the Action.

216.     In addition, these infringements should be designated "exceptional" by the Court, and Plaintiff should be awarded its attorneys' fees in bringing and prosecuting the Action. Any damages awarded should be trebled under 15 U.S.C. §1117.

217.     Accordingly, Plaintiff believes its damages will easily exceed the sum of $250,000.


## TWENTY FIRST CAUSE OF ACTION
## INJURY TO BUSINESS REPUTATION AND STATE ANTI-DILUTION

218.     Plaintiff repeats and re-alleges paragraphs 1-217 hereof, as if fully set forth herein.

219.     This cause of action arises under Section 368-d of the New York General Business

Law.

220.    The NICK & NORA mark has come to identify Plaintiff and Plaintiff's high quality goods, so as to distinguish those goods from the goods of others.

221.    Defendants' marketing and selling of cosmetic/tote bags under the NICK & NORA name, injured Plaintiff's business reputation and diluted the distinctive quality of Plaintiff's NICK & NORA mark, in violation of Section 368-d of the New York General Business Law.

222.    Such conduct by Defendants was without the permission, license or consent of Plaintiff.

223.    Defendants have been unjustly enriched and Plaintiff is entitled to an accounting of Defendants' profits, Plaintiff's damages and the costs of the Action.

224.    Defendants' foregoing activities have damaged Plaintiff in an amount as yet unknown, but such damages are believed to be in excess of $250,000.

## TWENTY SECOND CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES

225.    Plaintiff repeats and re-alleges paragraphs 1-224 hereof, as if fully set forth herein.

226.    This cause of action arises under Section 133 of the New York General Business Law.

227.    By reason of the practices and acts set forth above, and Defendants' intent to deceive or mislead the consuming public, Defendants have engaged in deceptive trade practices and acts in the conduct of their business in violation of Section 133 of the New York General Business Law.

228.    The public was likely to be damaged as a result of the deceptive trade practices and acts engaged in by Defendants.

229.    These acts of Defendants were without the permission, license or consent of Plaintiff.

230.    Defendants have been unjustly enriched and Plaintiff is entitled to an accounting of Defendants' profits, Plaintiff's damages and the costs of the Action.

231.    Defendants' foregoing activities have damaged Plaintiff in an amount as yet unknown, but such damages are believed to be in excess of $250,000.

## TWENTY THIRD CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

232.    Plaintiff repeats and re-alleges paragraphs 1-231 hereof, as if fully set forth herein.

233.    This cause of action arises under the New York common law of unfair competition.

234.    Defendants have engaged in a course of unfair competition by marketing and selling its goods under the infringing name NICK & NORA.

235.    Defendants have misappropriated Plaintiff's NICK & NORA trademark.

236.    The acts alleged herein are a specifically oriented predatory business practice undertaken by Defendants, the dominant purpose and effect of which was to pass off and palm off Defendants' infringing goods as related to, provided by or authorized by Plaintiff and to confuse consumers as to the source or origin of such goods.

237.    The acts of Defendants as alleged herein amount to unauthorized interference with the normal operation of the legitimate business of Plaintiff, and of the unauthorized trading off by Defendants of the goodwill long established by Plaintiff.

238.    Defendants' activities in misappropriating Plaintiff's NICK & NORA trademark have damaged the reputation and goodwill of Plaintiff.

239.    Defendants have thereby been unjustly enriched at the expense and to the detriment of Plaintiff, in violation of the common law of the State of New York.

240.    Defendants have been unjustly enriched and Plaintiff is entitled to an accounting of Defendants' profits, Plaintiff's damages and the costs of the Action.

241.    Defendants' foregoing activities have damaged Plaintiff in an amount as yet unknown, but such damages are believed to be in excess of $250,000.

## TWENTY FORTH CAUSE OF ACTION
## BREACH OF CONTRACT

242.    Plaintiff repeats and re-alleges paragraphs 1-241 hereof, as if fully set forth herein.

243.    This cause of action is brought in the alternative under Fed. R. Civ. P. 8(e)(2) against WWD.

244.    As earlier stated herein, the Term of the License expired December 31, 2001, the only Extension Term of the License expired December 31, 2003.

245.    Nevertheless, and in order to assist Defendants with their failed inventory management of goods under the License, Plaintiff acquiesced to Defendants' sell-off of the goods through the end of 2004. Upon information and belief, Defendants forgot the License had expired on December 31, 2003 and therefore continued to take orders for, produce and ship the earlier licensed goods into 2004. Upon information and belief, sometime in the late Spring/early Summer of 2004 Defendants realized their error and contacted Plaintiff and requested that Plaintiff allow them to sell off these extra goods. Plaintiff orally acquiesced to Defendants' sell-off of these goods through the end of 2004.

246.    Toward the end of 2004 Plaintiff was again approached by Defendants to extend their period to sell-off previously licensed goods through June, 2005. By this time, however, Plaintiff was far into negotiations for a master license with another entity. If signed, this new master license could

40

have resulted in the goods of the License being on sale by this new entity in the fall of 2005. Hence, Plaintiff did not agree to Defendants' extension request through the middle of 2005, but only for one additional calendar quarter, through March 31, 2005.

247.    The only exception to this sell-off through March 31, 2005 was for a bag believed to have been called the Diva bag by Defendants. These Diva bag order(s) were special and exclusive for Lord & Taylor's, and upon information and belief, were initiated and accepted by Defendants long after they had become aware of the December 31, 2003 expiration of the License. Despite this, Plaintiff, again in an effort to assist and be cordial to Defendants, went out of its way to agree to allow Defendants to sell-off these Diva bags to Lord & Taylor's through June 30, 2005. No other goods bearing either, or both, of Plaintiff's NICK & NORA trademark or Plaintiff's copyrighted designs were authorized by Plaintiff to be sold after March 31, 2005 by Defendants.

248.    Upon information and belief, and to the extent it is determined in this proceeding that the sell-off period under the License was extended through June 30, 2005, the License was breached by WWD during at least the period April 1, 2005 through June 30, 2005; i.e., the second quarter of 2005.

249.    Upon information and belief, Defendants continued selling (and possibly manufacturing) goods under the NICK & NORA name and bearing some of the copyrighted designs of Plaintiff after March 31, 2005.

250.    Upon information and belief, WWD breached various terms of the License by not submitting samples for approval to Plaintiff for at least some of these post-March 31, 2005 goods prior to their production and/or sale and further breached the License by failing to submit the royalty reports and make the royalty payments due for these second quarter 2005 sales.

251.    Upon information and belief, Defendants knew of their obligations to submit samples, provide royalty reports and make royalty payments pursuant to the terms of the License.

252.    WWD has accordingly, willfully infringed Plaintiff's rights in its NICK & NORA trademark and its copyrights by manufacturing or having manufactured for it, printing or having printed for it, reprinting or having reprinted for it, publishing, displaying, importing, vending, distributing, selling, promoting and/or advertising items, including but not limited to, cosmetic/tote bags, under the NICK & NORA mark and bearing certain of Plaintiff's copyrighted designs aforementioned in this First Amended Complaint during the second quarter of 2005. All of the activities of WWD were not only in violation of the rights of Plaintiff under the Copyright and Trademark Laws of the United States, 17 U.S.C. §101 and 15 U.S.C. §1051, *et. seq.*, but were expressly undertaken by WWD knowing them to be wrongful and in violation of Plaintiff's valuable rights.

253.    WWD had full knowledge of these rights of Plaintiff prior to its continued manufacture, promotion and sale of the infringing items during this period.

254.    All of the WWD's acts of were without the permission, license or consent of Plaintiff.

255.    WWD was unjustly enriched by its actions and Plaintiff was damaged thereby and, as such, Plaintiff is entitled to an accounting of WWD's profits and/or Plaintiff's damages and/or Plaintiff is entitled to the maximum statutory damages allowable under 17 U.S.C. §504(c)(2), namely, $150,000, for each infringement, for WWD's knowingly willful and purposeful violation of Plaintiff's copyright rights, and for Plaintiff's costs of the action, including but not limited to, Plaintiff's attorneys' fees in bringing and prosecuting the Action.

256.    WWD was unjustly enriched by its infringing activities and Plaintiff was damaged thereby and as such infringing activities of WWD were knowingly willful, Plaintiff is entitled to an

accounting of WWD's profits and/or Plaintiff's damages and its costs in bringing the Action.

257.    In addition, these trademark infringements should be designated "exceptional" by the Court, and Plaintiff should be awarded its attorneys' fees in bringing and prosecuting the Action. Any such trademark damages awarded should be trebled under 15 U.S.C. §1117.

## JURY DEMAND

258.    Plaintiff hereby demands trial by jury.

**WHEREFORE**, Plaintiff demands:

A.    That Defendants, their employees, agents, servants, related companies and all parties in privity with them, or any of them (hereinafter "Defendants' related companies"), be enjoined permanently from infringing, contributorily infringing and/or inducing the infringement of, any of Plaintiff's copyright rights asserted herein in any manner including, but not limited to, manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, illustrating, publishing, displaying, vending, distributing, offering to sell, selling, shipping, delivering, promoting, and/or advertising any copies of such works which are the subject of said copyrights, including but not limited to an injunction against Defendants and Defendants' related companies from dealing in any item made from infringing fabric, or causing and/or participating in such manufacturing, printing, reprinting, publishing, displaying, distributing, offering to sell, selling, promoting, or advertising of copies of such works.

B.    That Defendants and Defendants' related companies, be enjoined permanently from:

1.    Operating a business under, or otherwise displaying, promoting,

advertising, selling or offering for sale goods under the NICK & NORA mark, or any other name confusingly similar to the NICK & NORA mark, in violation of Plaintiff's trademark rights in the NICK & NORA mark;

2.     Injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's NICK & NORA mark;

3.     Infringing, contributorily infringing and/or inducing the infringement of Plaintiff's common law trademark and advertising rights by advertising or offering for sale or selling any goods under the NICK & NORA mark, or any other name confusingly similar to Plaintiff's NICK & NORA mark;

4.     Passing off or otherwise representing to the trade or public in any way that any goods offered or sold by Defendants emanate from or are related in source or sponsorship to Plaintiff; and

5.     Engaging in deceptive trade practices or acts in the conduct of Defendants' business by means of advertising, offering for sale or selling any goods under the NICK & NORA mark, or any other name confusingly similar to Plaintiff's NICK & NORA mark.

C.     That Defendants and Defendants' related companies be required to deliver up for destruction all items bearing Plaintiff's copyrighted works or NICK & NORA trademark in their possession or under their control, and to deliver up for destruction all material used for implementing such infringing works.

D.     That Defendants, jointly and severally, be required to pay Plaintiff such damages as plaintiff sustained in consequence of Defendants' infringements of Plaintiff's copyrights and to account for all gains, profits and advantages derived by Defendant from said infringements and/or in the alternative, that Defendant be required to pay statutory damages in the amount of $150,000 for

each such infringement due to the willful and wanton nature thereof.

E.     That Defendants have been unjustly enriched by their acts of trademark infringement and Plaintiff is entitled to an accounting of Defendants' profits, Plaintiff's damages and the costs of the Action in an amount believed to be in excess of $250,000.

F.     That Defendants acts of trademark infringement be found to be "exceptional" and that Plaintiff be awarded its attorneys' fees in bringing and prosecuting this Action and that any trademark damages awarded be trebled under 15 U.S.C. §1117.

G.     That Defendants pay to Plaintiff its costs of this Action, and Plaintiff's attorneys' fees, as the Court may allow Plaintiff.

H.     That Plaintiff be granted such other and further relief as the Court may deem just.

KAPLAN GILMAN GIBSON & DERNIER LLP
Attorneys for Plaintiff
900 Route 9 North, Suite 504
Woodbridge, New Jersey 07095
(732) 634-7634

Dated: September 6, 2007

By: _____
Michael R. Gilman (MG 7608)

## VERIFICATION

I, Steven Mark Abrams, principal of plaintiff American Genius & Co., Inc., have read the above First Amended Complaint and certify herein that to the best of my knowledge and belief, all statements made herein are true, or if made upon information and belief, are believed to be true.

Dated: September 5, 2007

_signature_

Steven Mark Abrams

## CERTIFICATE OF SERVICE

It is hereby certified that true and correct copy of the following document was served on the person referenced below on this 6th day of September, 2007, First Class mail, postage prepaid:

1)    **FIRST AMENDED COMPLAINT**.

Jonathan Faust, Esq.
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone (212) 940-8800
*Attorneys for Plaintiff Worldwide*

DATED: September 6, 2007          By: _____
                                          Michael R. Gilman