**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x

AMERICAN GENIUS & CO., Inc.

                             Plaintiff,

          v.

WORLDWIDE DREAMS LLC and
NORMAN ABRAMSON,

                       Defendants.

:  Civil Action No. 1:07-cv-6980(SAS)
:  ECF CASE
:
:  **DEFENDANTS' ANSWER,**
:  **AFFIRMATIVE DEFENSES**
:  **AND COUNTERCLAIMS**

-------------------------------------------------------------------- x

      Defendants Worldwide Dreams LLC ("WWD") and Norman Abramson ("Abramson" and together with "WWD" "Defendants"), by their counsel Katten Muchin Rosenman LLP, answer the First Amended Complaint (the "Complaint") of American Genius & CO., Inc. ("Plaintiff") as follows:

      1.      The allegations set forth in paragraph 1 of the Complaint are legal conclusions to which a response is not required, except to the extent that the allegations assert any wrongdoing by Defendants, in which case the allegations are denied.

      2.      The allegations set forth in paragraph 2 of the Complaint are legal conclusions to which a response is not required.

      3.      The allegations set forth in paragraph 3 of the Complaint are legal conclusions to which a response is not required.

      4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admit that WWD entered into a licensing agreement for certain rights in and to plaintiff's NICK & NORA brand for use on various products. Defendants refer to that license for the complete terms thereof.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Admit the allegations in paragraph 9 of the Complaint.

10.     Admit the allegations in paragraph 10 of the Complaint.

11.     The statements in the paragraph 11 are not allegations to which a response is required.

12.     Deny the allegations in paragraph 12 of the Complaint, except admit that Defendants are located, and transact business, within this state and district.

13.     Admit the allegations in paragraph 13 of the Complaint.

14.     Deny the allegations in paragraph 14 of the Complaint, except admit that Abramson is, and for several years has been, the Chief Operating Officer of WWD.

15.     Admit the allegations in paragraph 15 of the Complaint, except deny that the license at issue terminated on December 31, 2003, and refer to the license and the parties' subsequent agreements for the complete terms thereof.

2

16.    Admit the allegations in paragraph 16 of the Complaint, and refer to the license and the parties' subsequent agreements for the complete terms thereof.

17.    Deny the allegations in paragraph 17 of the Complaint, and refer to the license and the parties' subsequent agreements for the complete terms thereof.

18.    Deny the allegations in paragraph 18 of the Complaint, except admit that Plaintiff allowed WWD to sell NICK & NORA brand products into 2005 under an extension of the license and the subsequent sell-off period.  Responding further, Defendants refer to the license and the parties' subsequent agreements for the complete terms thereof

19.    Deny the allegations in paragraph 19 of the Complaint, except admit that, with Plaintiff's approval, WWD sold off remaining inventory of NICK & NORA brand products after March 31, 2005.

## FIRST CAUSE OF ACTION

20.    Defendants repeat and reallege their responses to paragraphs 1 - 19, as if set forth here at length.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

3

25.    Deny the allegations in paragraph 25 of the Complaint.

26.    Deny the allegations in paragraph 26 of the Complaint.

27.    Deny the allegations in paragraph 27 of the Complaint.

28.    Deny the allegations in paragraph 28 of the Complaint.

29.    The statements in the paragraph 29 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

### SECOND CAUSE OF ACTION

30.    Defendants repeat and reallege their responses to paragraphs 1 - 29, as if set forth here at length.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.    Deny the allegations in paragraph 35 of the Complaint.

36.    Deny the allegations in paragraph 36 of the Complaint.

37.     Deny the allegations in paragraph 37 of the Complaint.

38.     Deny the allegations in paragraph 38 of the Complaint.

39.     The statements in the paragraph 39 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## THIRD CAUSE OF ACTION

40.     Defendants repeat and reallege their responses to paragraphs 1 - 39, as if set forth here at length.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     Deny the allegations in paragraph 45 of the Complaint.

46.     Deny the allegations in paragraph 46 of the Complaint.

47.     Deny the allegations in paragraph 47 of the Complaint.

48.     Deny the allegations in paragraph 48 of the Complaint.

49.    The statements in the paragraph 49 are not allegations to which a response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## FOURTH CAUSE OF ACTION

50.    Defendants repeat and reallege their responses to paragraphs 1 - 49, as if set forth here at length.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.    Deny the allegations in paragraph 55 of the Complaint.

56.    Deny the allegations in paragraph 56 of the Complaint.

57.    Deny the allegations in paragraph 57 of the Complaint.

58.    Deny the allegations in paragraph 58 of the Complaint.

59.    The statements in the paragraph 59 are not allegations to which a response is required. To the extent a response is required, Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## FIFTH CAUSE OF ACTION

60.     Defendants repeat and reallege their responses to paragraphs 1 - 59, as if set forth here at length.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Deny the allegations in paragraph 65 of the Complaint.

66.     Deny the allegations in paragraph 66 of the Complaint.

67.     Deny the allegations in paragraph 67 of the Complaint.

68.     Deny the allegations in paragraph 68 of the Complaint.

69.     The statements in the paragraph 69 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## SIXTH CAUSE OF ACTION

70.     Defendants repeat and reallege their responses to paragraphs 1 - 69, as if set forth here at length.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.     Deny the allegations in paragraph 75 of the Complaint.

76.     Deny the allegations in paragraph 76 of the Complaint.

77.     Deny the allegations in paragraph 77 of the Complaint.

78.     Deny the allegations in paragraph 78 of the Complaint.

79.     The statements in the paragraph 79 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## SEVENTH CAUSE OF ACTION

80.    Defendants repeat and reallege their responses to paragraphs 1 - 79, as if set forth here at length.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.    Deny the allegations in paragraph 85 of the Complaint.

86.    Deny the allegations in paragraph 86 of the Complaint.

87.    Deny the allegations in paragraph 87 of the Complaint.

88.    Deny the allegations in paragraph 88 of the Complaint.

89.    The statements in the paragraph 89 are not allegations to which a response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## **EIGHTH CAUSE OF ACTION**

90.     Defendants repeat and reallege their responses to paragraphs 1 - 89, as if set forth here at length.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.     Deny the allegations in paragraph 95 of the Complaint.

96.     Deny the allegations in paragraph 96 of the Complaint.

97.     Deny the allegations in paragraph 97 of the Complaint.

98.     Deny the allegations in paragraph 98 of the Complaint.

99.     The statements in the paragraph 99 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## NINTH CAUSE OF ACTION

100.    Defendants repeat and reallege their responses to paragraphs 1 - 99, as if set forth here at length.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.    Deny the allegations in paragraph 105 of the Complaint.

106.    Deny the allegations in paragraph 106 of the Complaint.

107.    Deny the allegations in paragraph 107 of the Complaint.

108.    Deny the allegations in paragraph 108 of the Complaint.

109.    The statements in the paragraph 109 are not allegations to which a response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## TENTH CAUSE OF ACTION

110.    Defendants repeat and reallege their responses to paragraphs 1 - 109, as if set forth here at length.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint.

115.    Deny the allegations in paragraph 115 of the Complaint.

116.    Deny the allegations in paragraph 116 of the Complaint.

117.    Deny the allegations in paragraph 117 of the Complaint.

118.    Deny the allegations in paragraph 118 of the Complaint.

119.    The statements in the paragraph 119 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## ELEVENTH CAUSE OF ACTION

120.   Defendants repeat and reallege their responses to paragraphs 1 - 119, as if set forth here at length.

121.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

122.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint.

124.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint.

125.   Deny the allegations in paragraph 125 of the Complaint.

126.   Deny the allegations in paragraph 126 of the Complaint.

127.   Deny the allegations in paragraph 127 of the Complaint.

128.   Deny the allegations in paragraph 128 of the Complaint.

129.   The statements in the paragraph 129 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## TWELFTH CAUSE OF ACTION

130.    Defendants repeat and reallege their responses to paragraphs 1 - 129, as if set forth here at length.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Complaint.

135.    Deny the allegations in paragraph 135 of the Complaint.

136.    Deny the allegations in paragraph 136 of the Complaint.

137.    Deny the allegations in paragraph 137 of the Complaint.

138.    Deny the allegations in paragraph 138 of the Complaint.

139.    The statements in the paragraph 139 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## THIRTEENTH CAUSE OF ACTION

140.    Defendants repeat and reallege their responses to paragraphs 1 - 139, as if set forth here at length.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint.

145.    Deny the allegations in paragraph 145 of the Complaint.

146.    Deny the allegations in paragraph 146 of the Complaint.

147.    Deny the allegations in paragraph 147 of the Complaint.

148.    Deny the allegations in paragraph 148 of the Complaint.

149.    The statements in the paragraph 149 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## FOURTEENTH CAUSE OF ACTION

150.    Defendants repeat and reallege their responses to paragraphs 1 - 149, as if set forth here at length.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the Complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint.

155.    Deny the allegations in paragraph 155 of the Complaint.

156.    Deny the allegations in paragraph 156 of the Complaint.

157.    Deny the allegations in paragraph 157 of the Complaint.

158.    Deny the allegations in paragraph 158 of the Complaint.

159.    The statements in the paragraph 159 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## FIFTEENTH CAUSE OF ACTION

160.    Defendants repeat and reallege their responses to paragraphs 1 - 159, as if set forth here at length.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint.

165.    Deny the allegations in paragraph 165 of the Complaint.

166.    Deny the allegations in paragraph 166 of the Complaint.

167.    Deny the allegations in paragraph 167 of the Complaint.

168.    Deny the allegations in paragraph 168 of the Complaint.

169.    The statements in the paragraph 169 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## SIXTEENTH CAUSE OF ACTION

170.    Defendants repeat and reallege their responses to paragraphs 1 - 169, as if set forth here at length.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint.

175.    Deny the allegations in paragraph 175 of the Complaint.

176.    Deny the allegations in paragraph 176 of the Complaint.

177.    Deny the allegations in paragraph 177 of the Complaint.

178.    Deny the allegations in paragraph 178 of the Complaint.

179.    The statements in the paragraph 179 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## SEVENTEENTH CAUSE OF ACTION

180.    Defendants repeat and reallege their responses to paragraphs 1 - 179, as if set forth here at length.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the Complaint.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Complaint.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Complaint.

185.    Deny the allegations in paragraph 185 of the Complaint.

186.    Deny the allegations in paragraph 186 of the Complaint.

187.    Deny the allegations in paragraph 187 of the Complaint.

188.    Deny the allegations in paragraph 188 of the Complaint.

189.    The statements in the paragraph 189 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## EIGHTEENTH CAUSE OF ACTION

190.    Defendants repeat and reallege their responses to paragraphs 1 - 189, as if set forth here at length.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Complaint.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the Complaint.

194.    Deny the allegations in paragraph 194 of the Complaint.

195.    Deny the allegations in paragraph 195 of the Complaint.

196.    Deny the allegations in paragraph 196 of the Complaint.

197.    Deny the allegations in paragraph 197 of the Complaint.

198.    Deny the allegations in paragraph 198 of the Complaint.

199.    The statements in the paragraph 199 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## NINETEENTH CAUSE OF ACTION

200.    Defendants repeat and reallege their responses to paragraphs 1 - 199, as if set forth here at length.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 of the Complaint.

202.    Deny the allegations in paragraph 202 of the Complaint.

203.    Deny the allegations in paragraph 203 of the Complaint.

204.    Deny the allegations in paragraph 204 of the Complaint.

205.    Deny the allegations in paragraph 205 of the Complaint.

206.    Deny the allegations in paragraph 206 of the Complaint.

207.    The statements in the paragraph 207 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## TWENTIETH CAUSE OF ACTION

208.    Defendants repeat and reallege their responses to paragraphs 1 - 207, as if set forth here at length.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 of the Complaint.

210.    Deny the allegations in paragraph 210 of the Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 of the Complaint.

212.    The allegations set forth in paragraph 212 of the complaint are legal conclusions to which a response is not required.  To the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

213.    Deny the allegations in paragraph 213 of the Complaint.

214.    Deny the allegations in paragraph 214 of the Complaint.

215.    Deny the allegations in paragraph 215 of the Complaint.

216.    Deny the allegations in paragraph 216 of the Complaint.

217.    The statements in the paragraph 217 are not allegations to which a response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Plaintiff suffered any damages.

## TWENTY-FIRST CAUSE OF ACTION

218.    Defendants repeat and reallege their responses to paragraphs 1 - 217, as if set forth here at length.

219.    The allegations set forth in paragraph 219 of the complaint are legal conclusions to which a response is not required, except to the extent that the allegations assert any wrongdoing by Defendants, in which case the allegations are denied

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 of the Complaint.

221. Deny the allegations in paragraph 221 of the Complaint.

222. Deny the allegations in paragraph 222 of the Complaint.

223. Deny the allegations in paragraph 223 of the Complaint.

224. Deny the allegations in paragraph 224 of the Complaint.

## TWENTY-SECOND CAUSE OF ACTION

225. Defendants repeat and reallege their responses to paragraphs 1 - 224, as if set forth here at length.

226. The allegations set forth in paragraph 226 of the complaint are legal conclusions to which a response is not required, except to the extent that the allegations assert any wrongdoing by Defendants, in which case the allegations are denied

227. Deny the allegations in paragraph 227 of the Complaint.

228. Deny the allegations in paragraph 228 of the Complaint.

229. Deny the allegations in paragraph 229 of the Complaint.

230. Deny the allegations in paragraph 230 of the Complaint.

231. Deny the allegations in paragraph 231 of the Complaint.

## TWENTY-THIRD CAUSE OF ACTION

232. Defendants repeat and reallege their responses to paragraphs 1 - 231, as if set forth here at length.

233.    The allegations set forth in paragraph 233 of the complaint are legal conclusions to which a response is not required, except to the extent that the allegations assert any wrongdoing by Defendants, in which case the allegations are denied.

234.    Deny the allegations in paragraph 234 of the Complaint.

235.    Deny the allegations in paragraph 235 of the Complaint.

236.    Deny the allegations in paragraph 236 of the Complaint.

237.    Deny the allegations in paragraph 237 of the Complaint.

238.    Deny the allegations in paragraph 238 of the Complaint.

239.    Deny the allegations in paragraph 239 of the Complaint.

240.    Deny the allegations in paragraph 240 of the Complaint.

241.    Deny the allegations in paragraph 241 of the Complaint.

## TWENTY-FOURTH CAUSE OF ACTION

242.    Defendants repeat and reallege their responses to paragraphs 1 - 241, as if set forth here at length.

243.    The allegations set forth in paragraph 243 of the complaint are legal conclusions to which a response is not required, except to the extent that the allegations assert any wrongdoing by Defendants, in which case the allegations are denied.

244.    Admit that the original written term of the license expired on December 31, 2001 and that the written extension term expired on December 31, 2003, but deny that the license terminated or expired on December 31, 2003.

245.    Deny the allegations in paragraph 245 of the Complaint, except admit that: (i) until "late Spring/early Summer of 2004", WWD was unaware that the written term of its Nick & Nora license had expired, and conducted its business thusly; and (ii) in "late Spring/early Summer of 2004" WWD contacted Plaintiff, and the parties: (a) agreed to extend WWD's license "through the end of 2004"; and (b) thereafter agreed to a further sell-off period for WWD's inventory of goods through June 2005.

246.    Deny the allegations in paragraph 246 of the Complaint, except deny knowledge or information as to when goods subject to any agreement between Plaintiff and any other "new entity" would be available for sale.

247.    Deny the allegations in paragraph 247 of the Complaint.

248.    Deny the allegations in paragraph 248 of the Complaint.

249.    Deny the allegations in paragraph 249 of the Complaint, except admit that WWD sold goods under the Nick & Nora name between March 31, 2005 and June 30, 2005.

250.    Deny the allegations in paragraph 250 of the Complaint.

251.    Deny the allegations in paragraph 251 of the Complaint, except admit that WWD was aware of (and complied with) its contractual obligations.

252.    Deny the allegations in paragraph 252 of the Complaint.

253.    Deny the allegations in paragraph 253 of the Complaint.

254.    Deny the allegations in paragraph 254 of the Complaint.

255.    Deny the allegations in paragraph 255 of the Complaint.

256.    Deny the allegations in paragraph 256 of the Complaint.

257.    Deny the allegations in paragraph 257 of the Complaint.

258.    The allegations set forth in paragraph 258 of the complaint do not require a response.  To the extent that the allegations require a response, Defendants deny knowledge or information sufficient to form a belief as to the truth thereof.

## FIRST AFFIRMATIVE DEFENSE

259.    The Complaint fails to state a cause of action against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

260.    To the extent the Complaint states a claim against either Defendant upon which relief can be granted, such claim is barred, in whole or in part, by application of equitable doctrines including, without limitation, waiver, estoppel, laches, ratification and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

261.    The claims set forth in the Complaint are barred in whole or in part by accord and satisfaction, as royalty statements and checks were provided by Defendants and accepted by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

262.    Plaintiff has failed to mitigate their alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

263.    Any damages incurred by Plaintiff are offset by the damages suffered by WWD as a result of Plaintiff's liability for aiding and abetting the breach of fiduciary duty by former president of WWD's Cosmetic Bag Division, Non-party James Grintz.

## SIXTH AFFIRMATIVE DEFENSE

264.    At present, Defendants do not have sufficient information to assert all affirmative defenses available to them.  Accordingly, Defendants reserve the right to assert such additional affirmative defenses as may be relevant.

## COUNTERCLAIMS

### Preliminary Statement

265.    In August, 2005, defendant, Worldwide Dreams, LLC ("Worldwide") commenced an action against Plaintiff (i.e., American & Co, Inc. ["American"]), American's affiliate and two former senior employees of Worldwide.  That action, entitled Worldwide Dreams LLC v. James Grintz, Kassy Sperry, Peregrine Group International LLC, Shady Character Unlimited, Ltd and American Genius & Co., Inc., Index #602897/05 (Supreme Court, New York County [Ramos, J]) (hereinafter, the "Worldwide Action"), is still pending and seeks, inter alia, money damages against American and others for the misappropriation and diversion of various Worldwide assets and business opportunities.

266.    Plaintiff's claims in this action have no merit as Plaintiff had granted Worldwide the right to use its copyrighted designs and trademarks pursuant to a written license agreement and related agreements, and any claim for an alleged (but non-existent) breach of such agreement should have been brought as a counterclaim in the Worldwide Action.  This action is nothing more than an improper, meritless and abusive attempt to gain some type of procedural leverage against Worldwide in the Worldwide Action.

### Jurisdiction

267.    Jurisdiction over these counterclaims is conferred by, inter alia, 28 U.S.C. §§ 1331, 1367, 2201 and 2202 in that the counterclaims present questions of federal law and/or so

integrally related to Plaintiff's claims as to form part of the same case or controversy.

268.    Plaintiff is subject to personal jurisdiction of this Court because it resides here, has invoked this Court's remedies in an integrally related case or controversy and has intentionally engaged in acts and business targeted at this District and/or has caused harm in this District.

269.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because, Plaintiff transacts business in this District, and/or may otherwise be found here, and/or a substantial part of the events and omissions giving rise to these counterclaims occurred in this district.

**Parties**

270.    Defendant Worldwide is a limited liability company duly organized and existing under the laws of the State of Delaware, and having its principal place of business at 350 Fifth Avenue, New York, New York.

271.    Defendant Norman Abramson is the chief operating officer of Worldwide.

272.    Upon information and belief, plaintiff American is a corporation duly organized and existing under the laws of the State of New York, and having its principal place of business at 35 West 35th Street, in New York, New York.  Upon information and belief, American holds, owns or otherwise manages the intellectual property rights associated with the brand name "Nick & Nora".

273.    Non-party James Grintz formerly was president of Worldwide's Cosmetic Bag Division.  Following his resignation from Worldwide, Grintz immediately formed Peregrine Group International, LLC ("Peregrine"), which now holds license rights from Plaintiff that formerly were held by Worldwide.

**Background Facts**

274.    Worldwide is a wholesaler of luggage, bags, leather goods, cosmetic bags and accessories.

275.    Until June 2005, Worldwide's business included selling Nick & Nora brand products pursuant to agreements with American, including a written license agreement (the "Cosmetic Bag License") and a related "sell-off" agreement.

276.    The overwhelming majority of Worldwide's sales of products bearing the Nick & Nora brand were made through Worldwide's Cosmetic Bag Division presided over by Mr. Grintz.

277.    Worldwide's sales associated with the Cosmetic Bag License accounted for a significant portion of the revenues of Worldwide.

278.    Grintz's e-mails and deposition testimony show that, in 2004, while still employed by Worldwide, Grintz and another senior Worldwide employee, Kassy Sperry ("Sperry") conspired to divert Worldwide's business opportunities, customers, assets and orders to Peregrine -- a company that Grintz formed, Sperry joined and American later contracted with. (Grintz, Sperry and Peregrine are hereinafter collectively referred to as the "Peregrine Defendants")

279.    Upon information and belief, Grintz and Sperry also conspired with American to divert Worldwide's valuable Nick & Nora brand license relationship (i.e., the Cosmetic Bag License) to Peregrine.

280.    To that end, Grintz quietly allowed the written term of the Cosmetic Bag License to lapse on December 31, 2003, without notifying his superiors at Worldwide of the expiration of this valuable asset.

281.    In Summer 2004, Worldwide conducted a routine audit of its licenses and determined that the Cosmetic Bag License had lapsed.

282.    Unaware of Grintz's disloyalty, Worldwide tasked Grintz – who was head of the relevant division -- to secure renewal of the Cosmetic Bag License for Worldwide.

283.    In the interim, Worldwide and American continued to do business together under an oral agreement, which extended the term of the Cosmetic Bag Licenses through December 31, 2004.

284.    As part of the renewal effort, Worldwide directed Grintz to prepare a forecast of anticipated future sales of Nick & Nora brand goods.

285.    This forecast -- prepared by Grintz at the same time that he and Sperry were actively engaged in their disloyal efforts to divert Worldwide's business to Peregrine -- confirmed for Grintz the multi-million dollar annual value of the license rights.

286.    Grintz then used his position of employment and confidence at Worldwide -- and his role as the person tasked by Worldwide to secure renewal of the Cosmetic Bag License -- to negotiate with Plaintiff for Peregrine to circumvent and supplant Worldwide as licensee.

287.    Upon information and belief, American agreed to reserve the valuable license rights for the Peregrine Defendants even though American: (i) actively was doing business with Worldwide; (ii) knew that Grintz and Sperry were senior employees of Worldwide; and (iii) knew that Grintz had been tasked to secure renewal of the Cosmetic Bag License for Worldwide.

288.    Worldwide, unaware of Grintz's self-dealing, nevertheless noticed that he was singularly ineffective, and appeared disinterested, in securing renewal of the Cosmetic Bag License for Worldwide.  Accordingly, more senior Worldwide officials began to take an active role in the renewal negotiations.

289.    Plaintiff then temporized and delayed in discussions with these other Worldwide officials, using pretextual excuses to conceal the diversion of the license opportunity and to buy Grintz and Sperry time to establish Peregrine.

290.    In October 2004, while Grintz was completing plans for Peregrine and diverting other Worldwide business, American told Worldwide that the Cosmetic Bag License would not be renewed.

291.    At that time, Worldwide informed American, in writing, that it would need until June 2005 to sell-off all existing Nick & Nora inventory.

292.    American expressly agreed to this sell-off timetable.

293.    While Worldwide began its sell-off of Nick & Nora product, American inexplicably allowed its relevant license rights (i.e., the right to use the Nick & Nora brand for cosmetic bags) to lay fallow for months while Grintz finalized plans for Peregrine.

294.    In the face of Worldwide's express interest in the license rights, no valid commercial purpose exists for American's decision not to commercialize their license rights. Clearly the rights were being held aside for Grintz and Sperry.

295.    In early 2005, Grintz and Sperry executed their previously coordinated resignations from Worldwide and formed Peregrine.  By design, Grintz left Worldwide first and officially formed Peregrine.

296.    American promptly awarded Peregrine the license rights that Worldwide had sent Grintz to obtain for Worldwide.

297.    Meanwhile, Sperry remained at Worldwide for several more months, during which time she actively (but secretly) used her position at Worldwide to work on Peregrine's business.

298.    At the time of his departure, Grintz misappropriated proprietary Worldwide software that included Worldwide's confidential and valuable customer database. Upon information and belief, Grintz also removed vital electronic records from Worldwide's computer systems relating to Worldwide's work on the Nick & Nora brand.

299.    In or about late August 2005, Worldwide learned that Grintz and Sperry used the pilfered Worldwide software and database to solicit Worldwide customers and compete with Worldwide.

300.    Worldwide then commended the Worldwide Action.

### FIRST COUNTERCLAIM FOR RELIEF

### (Non-Infringement of Copyright)

301.    Defendants repeat and re-allege paragraphs 264 through 300 as if fully set forth herein.

302.    This is a Counterclaim seeking declaratory relief of non-infringement of copyright pursuant to 28 U.S.C. §§2201 and 2202.

303.    At all relevant times, Worldwide had the license, right, permission, authorization and consent to use the Bed of Roses design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Bed of Roses design after June 2005.

304.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Ports of Call design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all

existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Ports of Call design after June 2005.

305.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Pink Flamingos design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Pink Flamingos design after June 2005.

306.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Kimono design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Kimono design after June 2005.

307.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Cozy Cups design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Cozy Cups design after June 2005.

308.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Spa Treatment design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Spa Treatment design after June 2005.

309.   At all relevant times, Worldwide had the right, permission, authorization and consent to use the Moroccan Slippers design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Moroccan Slippers design after June 2005.

310.   At all relevant times, Worldwide had the right, permission, authorization and consent to use the Scarlet Letter design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Scarlet Letter design after June 2005.

311.   At all relevant times, Worldwide had the right, permission, authorization and consent to use the Pucker Up design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Pucker Up design after June 2005.

312.   At all relevant times, Worldwide had the right, permission, authorization and consent to use the Mad Money design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Mad Money design after June 2005.

313.   At all relevant times, Worldwide had the right, permission, authorization and consent to use the Peace, Love & Happiness design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not

manufacture, have manufactured, sell or offer to sell any products bearing the Peace, Love & Happiness design after June 2005.

314.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Fur Balls design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Fur Balls design after June 2005.

315.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Mosaic design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Mosaic design after June 2005.

316.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Snap Shot design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Snap Shot design after June 2005.

317.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Santa Claws design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Santa Claws design after June 2005.

318.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Jungle Rose design pursuant to the license granted to it by Plaintiff under the

Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Jungle Rose design after June 2005.

319.    At all relevant times, Worldwide had the right, permission, authorization and consent to use the Zebra design pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Zebra design after June 2005.

320.    Any acts undertaken by Abramson relating to any copyrighted designs owned by Plaintiff were pursuant to the license, authorization, permission and consent given to Worldwide by Plaintiff.

321.    Defendants have not infringed any valid copyrights owned by Plaintiff.

322.    Defendants have no adequate remedy at law.

**SECOND COUNTERCLAIM FOR RELIEF**

**(Non-Infringement of Trademark)**

323.    Defendants repeat and re-allege paragraphs 264 through 322 as if fully set forth herein.

324.    This is a Counterclaim seeking declaratory relief of non-infringement of trademark pursuant to 28 U.S.C. §§2201 and 2202.

325.    At all relevant times, Worldwide had the license, right, permission, authorization and consent to use the Nick & Nora trademark pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to

sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Nick & Nora trademark after June 2005.

326.    Any acts undertaken by Abramson relating to the Nick & Nora mark were pursuant to the license, authorization, permission and consent given to Worldwide by Plaintiff.

327.    Defendants have not infringed any trademark rights owned by Plaintiff in the Nick & Nora mark.

328.    Defendants have no adequate remedy at law.

### THIRD COUNTERCLAIM FOR RELIEF

### (Non-Dilution of Trademark)

329.    Defendants repeat and re-allege paragraphs 264 through 328 as if fully set forth herein.

330.    This is a Counterclaim seeking declaratory relief that Defendants have not diluted any trademark rights owned by Plaintiff pursuant to 28 U.S.C. §§2201 and 2202.

331.    At all relevant times, Worldwide had the license, right, permission, authorization and consent to use the Nick & Nora trademark pursuant to the license granted to it by Plaintiff under the Cosmetic Bag License and the express agreement by Plaintiff to permit Worldwide to sell off all existing Nick & Nora inventory through June 2005. Worldwide did not manufacture, have manufactured, sell or offer to sell any products bearing the Nick & Nora trademark after June 2005.

332.    Any acts undertaken by Abramson relating to the Nick & Nora mark were pursuant to the license, authorization, permission and consent given to Worldwide by Plaintiff.

333.    Defendants have not diluted the Nick & Nora mark.

334.    Defendants have no adequate remedy at law.

WHEREFORE, plaintiff Worldwide demands judgment against Plaintiff: (a) dismissing Plaintiff's First Amended Complaint in its entirety; (b) declaring that Defendants have not infringed any copyrights owned by Plaintiff; (c) declaring that Defendants have not infringed any trademark rights owned by Plaintiff; (d) declaring that Defendants have not diluted the Nick & Nora trademark; (e) awarding Worldwide such compensatory and punitive damages as may be proven herein, at a trial of this action or otherwise, for Plaintiff's wrongful conduct; (f) awarding Defendants their costs and disbursements, including reasonable attorneys' fees; and (g) granting Defendants such other and further relief as the Court may deem just and proper in the circumstances.

Dated: October 8, 2007
       New York, New York

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

By: _____
       Jonathan J. Faust (JF2037)
       Michael Sarney (MS3755)
    575 Madison Avenue
    New York, NY 10022
    (212) 940-8800
    Attorneys for Worldwide Dreams, LLC and
    Norman Abramson

TO:    KAPLAN GILMAN GIBSON & DERNIER LLP
       Michael R. Gilman, Esq.
       900 Route 9 North, Suite 504
       Woodbridge, New Jersey 07095
       (732) 634-7634
       Attorneys for Plaintiff