**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                         :

AMERICAN GENIUS & CO., INC.,       :
                         :

               Plaintiff,     :     Civil Action No. 1:07-cv-6980-SAS
                         :     ECF CASE
                         :

      v.                    :

WORLDWIDE DREAMS LLC and    :    **JURY DEMANDED**
NORMAN ABRAMSON          :
                         :

             Defendants.  :
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFF AMERICAN GENIUS & CO., INC.'S ANSWER TO COUNTERCLAIMS

     American Genius & Co., Inc. (hereinafter "American Genius" or "Plaintiff"), by and through its below signed attorneys, hereby answers the Counterclaims of Defendants Worldwide Dreams LLC (hereinafter "WWD") and Norman Abramson (hereinafter "Abramson") (collectively "Defendants") as follows:

     265.    To the extent the allegations of paragraph 265 of the Counterclaims allege any type of wrongdoing or misconduct by Plaintiff or its affiliate or any liability to Plaintiff or its affiliate, such allegations and/or liability are denied.   Otherwise, Plaintiff admits the remaining allegations of paragraph 265 of the Counterclaims.

     266.    Denied.

     267.    The allegations set forth in paragraph 267 of Counterclaims are legal conclusions to which a response is not required.

     268.    To the extent the allegations of paragraph 268 of the Counterclaims allege any type of wrongdoing or misconduct by Plaintiff or any liability to Plaintiff, such allegations

and/or liability are denied.  Otherwise, the allegations set forth in paragraph 268 of Counterclaims are admitted.

269.    To the extent the allegations of paragraph 269 of the Counterclaims allege any type of wrongdoing or misconduct by Plaintiff or any liability to Plaintiff, such allegations and/or liability are denied.  Otherwise, the allegations set forth in paragraph 269 of Counterclaims are admitted.

270.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 of the Counterclaims and therefore denies them.

271.    Admitted.

272.    Admitted.

273.    Admitted that Peregrine holds a license to the NICK & NORA mark and certain copyrighted fabric designs of Plaintiff.  Otherwise, Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 273 of the Counterclaims and therefore denies them.

274.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 274 of the Counterclaims and therefore denies them.

275.    Denied.

276.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 276 of the Counterclaims and therefore denies them.

277.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 277 of the Counterclaims and therefore denies them.

278.    Denied.

279.    Denied.

280.    Admitted that the Cosmetic Bag License expired on December 31, 2003. Otherwise, Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 280 of the Counterclaims and therefore denies them.

281.    Admitted that the Cosmetic Bag License lapsed on December 31, 2003 and that WWD knew the Cosmetic Bag License had so lapsed.  Denied as to the specific time of WWD's determination that the Cosmetic Bag License had lapsed, as upon information and belief, WWD discovered their error to request renewal as early as late Spring or early Summer of 2004. Otherwise, Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 281 of the Counterclaims and therefore denies them.

282.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 282 of the Counterclaims and therefore denies them.

283.    Denied.

284.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 284 of the Counterclaims and therefore denies them.

285.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 285 of the Counterclaims and therefore denies them.

286.    Denied that Grintz negotiated "with Plaintiff to circumvent and supplant Worldwide as licensee."  Otherwise, Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 286 of the Counterclaims and therefore denies them.

287.    Denied.

288.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 288 of the Counterclaims and therefore denies them.

289.    Denied.

290.    Admitted that in October 2004, as well as numerous other times during 2004, Plaintiff repeatedly "told Worldwide that the Cosmetic Bag License would not be renewed." Otherwise, Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 290 of the Counterclaims and therefore denies them.

291.    Admitted that Defendants have produced a letter in the Worldwide Action dated October 8, 2004 from Norman Abramson to Lynda Rae Tepper and Steve Abrams addressed only to "Nick and Nora," with no address and no indication of delivery by means other than the US Postal Service, which letter states WWD "will need until June 30, 2005 to sell off Nick and Nora." Denied as to any remaining allegations.

292.    Denied.

293.    Denied. As Defendants know from numerous documents produced in and sworn deposition testimony taken in the Worldwide Action, throughout most of 2004 Plaintiff was negotiating terms for a master license for the NICK & NORA brand with Target Corporation. Accordingly, by making the allegations of paragraph 293 of defendants' Counterclaims, Defendants have committed fraud upon this Court.

294.    Denied. As Defendants know from numerous documents produced in and sworn deposition testimony taken in the Worldwide Action, throughout most of 2004 Plaintiff was negotiating terms for a master license for the NICK & NORA brand with Target Corporation. Accordingly, by making the allegations of paragraph 294 of defendants' Counterclaims, Defendants have committed fraud upon this Court.

295.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 295 of the Counterclaims and therefore denies them.

296.    Denied.

297.    Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 297 of the Counterclaims and therefore denies them.

298.    In addition to being irrelevant to this action, Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 298 of the Counterclaims and therefore denies them.

299.    In addition to being irrelevant to this action, Plaintiff lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 299 of the Counterclaims and therefore denies them.

300.    Admitted that in August 2005 the Worldwide Action was started by WWD. Otherwise, Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 300 of the Counterclaims and therefore denies them.

### FIRST COUNTERCLAIM FOR RELIEF-Non-infringement of Copyright

301.    Plaintiff incorporates and realleges its responses to paragraphs 265-300 as if fully set forth herein.

302.    Denied as to any non-infringement allegations on the part of the Defendants. Otherwise, the allegations set forth in paragraph 302 of Counterclaims are legal conclusions to which a response is not required.

303.    Denied.  In addition, after Defendants themselves produced in the Worldwide Action document WWD002484 and its related documents, and after Plaintiff's counsel in this proceeding so informed Defendants' counsel of these documents in his email to Defendants' counsel of September 20, 2007, the allegations that WWD did not "sell or offer to sell any

products bearing the Bed of Roses design after June 2005" are knowingly false and are statements evidencing Defendants' intent to commit fraud on the Court in this proceeding.

304. Denied.

305. Denied.

306. Denied.

307. Denied.

308. Denied. In addition, after Defendants themselves produced in the Worldwide Action document WWD002504 and its related documents, and after Plaintiff's counsel in this proceeding so informed Defendants' counsel of these documents in his email to Defendants' counsel of September 20, 2007, the allegations that WWD did not "sell or offer to sell any products bearing the Spa Treatment design after June 2005" are knowingly false and are statements evidencing Defendants' intent to commit fraud on the Court in this proceeding.

309. Denied.

310. Denied.

311. Denied.

312. Denied.

313. Denied.

314. Denied.

315. Denied.

316. Denied.

317. Denied.

318. Denied.

319. Denied.

320.   Denied.

321.   Denied.

322.   Denied.

**SECOND COUNTERCLAIM FOR RELIEF – Non-Infringement of Trademark**

323.   Plaintiff incorporates and realleges its responses to paragraphs 265-322 as if fully set forth herein.

324.   Denied as to any non-infringement allegations on the part of the Defendants. Otherwise, the allegations set forth in paragraph 324 of Counterclaims are legal conclusions to which a response is not required.

325.   Denied. In addition, after Defendants themselves produced in the Worldwide Action documents WWD002484 and WWD002504 and their related documents, and after Plaintiff's counsel in this proceeding so informed Defendants' counsel of these documents in his email to Defendants' counsel of September 20, 2007, the allegations that WWD did not "sell or offer to sell any products bearing the Nick & Nora trademark after June 2005" are knowingly false and are statements evidencing Defendants' intent to commit fraud on the Court in this proceeding.

326.   Denied.

327.   Denied.

328.   Denied.

**THIRD COUNTERCLAIM FOR RELIEF – Non-Dilution of Trademark**

329.   Plaintiff incorporates and realleges its responses to paragraphs 265-328 as if fully set forth herein.

330.    Denied as to any non-dilution allegations on the part of the Defendants. Otherwise, the allegations set forth in paragraph 330 of Counterclaims are legal conclusions to which a response is not required.

331.    Denied. In addition, after Defendants themselves produced in the Worldwide Action documents WWD002484 and WWD002504 and their related documents, and after Plaintiff's counsel in this proceeding so informed Defendants' counsel of these documents in his email to Defendants' counsel of September 20, 2007, the allegations that WWD did not "sell or offer to sell any products bearing the Nick & Nora trademark after June 2005" are knowingly false and are statements evidencing Defendants' intent to commit fraud on the Court in this proceeding.

332.    Denied.

333.    Denied.

334.    Denied.

## JURY DEMAND

335.    Plaintiff hereby demands trial by jury on Defendants' Counterclaims.

## AFFIRMATIVE DEFENSES

336.    Defendants' Counterclaims fail to state any claims against Plaintiff upon which relief can be granted.

337.    To the extent Defendants' Counterclaims do state a claim, they are barred by application of equitable doctrines, including but not limited to, waiver, estoppel, laches, ratification and unclean hands.

338.    Defendants and their attorneys should be sanctioned by this Court for bringing fraudulent, baseless, unsubstantiated and unsupported counterclaims against American Genius.

339.    At present, Plaintiff does not have sufficient information to assert all affirmative defenses available to it.  Accordingly, Plaintiff reserves the right to assert such additional affirmative defenses as may be later determined and as may then be deemed relevant.

## PRAYER FOR RELIEF

**WHEREFORE**, American Genius asks this Court to enter judgment against the Defendants granting the following relief:

A.    That Defendants, their employees, agents, servants, related companies and all parties in privity with them, or any of them (hereinafter "Defendants' related companies"), be enjoined permanently from infringing, contributorily infringing and/or inducing the infringement of, any of Plaintiff's copyright rights asserted herein in any manner including, but not limited to, manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, illustrating, publishing, displaying, vending, distributing, offering to sell, selling, shipping, delivering, promoting, and/or advertising any copies of such works which are the subject of said copyrights, including but not limited to an injunction against Defendants and Defendants' related companies from dealing in any item made from infringing fabric, or causing and/or participating in such manufacturing, printing, reprinting, publishing, displaying, distributing, offering to sell, selling, promoting, or advertising of copies of such works.

B.    That Defendants and Defendants' related companies, be enjoined permanently from:

1.    Operating a business under, or otherwise displaying, promoting, advertising, selling or offering for sale goods under the NICK & NORA mark, or any other name

confusingly similar to the NICK & NORA mark, in violation of Plaintiff's trademark rights in the NICK & NORA mark;

       2.      Injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's NICK & NORA mark;

       3.      Infringing, contributorily infringing and/or inducing the infringement of Plaintiff's common law trademark and advertising rights by advertising or offering for sale or selling any goods under the NICK & NORA mark, or any other name confusingly similar to Plaintiff's NICK & NORA mark;

       4.      Passing off or otherwise representing to the trade or public in any way that any goods offered or sold by Defendants emanate from or are related in source or sponsorship to Plaintiff; and

       5.      Engaging in deceptive trade practices or acts in the conduct of Defendants' business by means of advertising, offering for sale or selling any goods under the NICK & NORA mark, or any other name confusingly similar to Plaintiff's NICK & NORA mark.

       C.      That Defendants and Defendants' related companies be required to deliver up for destruction all items bearing Plaintiff's copyrighted works or NICK & NORA trademark in their possession or under their control, and to deliver up for destruction all material used for implementing such infringing works.

       D.      That Defendants, jointly and severally, be required to pay Plaintiff such damages as plaintiff sustained in consequence of Defendants' infringements of Plaintiff's copyrights and to account for all gains, profits and advantages derived by Defendant from said infringements

and/or in the alternative, that Defendant be required to pay statutory damages in the amount of $150,000 for each such infringement due to the willful and wanton nature thereof.

E.    That Defendants have been unjustly enriched by their acts of trademark infringement and Plaintiff is entitled to an accounting of Defendants' profits, Plaintiff's damages and the costs of the Action in an amount believed to be in excess of $250,000.

F.    That Defendants acts of trademark infringement be found to be "exceptional" and that Plaintiff be awarded its attorneys' fees in bringing and prosecuting this Action and that any trademark damages awarded be trebled under 15 U.S.C. §1117.

G.    That Defendants pay to Plaintiff its costs of this Action, and Plaintiff's attorneys' fees, as the Court may allow Plaintiff.

H.    That Defendants Counterclaims be dismissed in their entirety.

H.    That Plaintiff be granted such other and further relief as the Court may deem just.

Respectfully submitted,

DATED:  October 17, 2007

Michael R. Gilman (MG 7608)
KAPLAN GILMAN GIBSON & DERNIER LLP
Attorneys for Plaintiff
900 Route 9 North, Suite 504
Woodbridge, NJ 07095
Telephone (732) 634-7634
Facsimile (732) 634-6887
E-Mail: mgilman@kggd.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing **PLAINTIFF AMERICAN GENIUS & CO., INC.'S ANSWER TO COUNTERCLAIMS**, was served on the following person(s) on this 17th day of October, 2007, via email and the Court's ECF system:

Jonathan J. Faust, Esq.
Michael Sarney, Esq.
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone (212) 940-8800
*Attorneys for Defendants*

DATED: October 17, 2007      _____

Michael R. Gilman